## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MOHAMED KHAIRULLAH, *et al.*

      *Plaintiffs,*

    v.

PAMELA J. BONDI, Attorney General of the
United States, in her Official Capacity, *et al.*

      *Defendants.*

Civil Action No: 3:23-cv-30095-MGM

## DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION

    In this case, the Government submitted *ex parte* certain materials protected by both statute and the law enforcement privilege in support of the Government's pending motion to transfer. This Court's Order of January 31, 2025, required that these *ex parte* materials "must be provided to Plaintiffs' counsel" under certain conditions including required background checks and a sufficient protective order. Order at 8, ECF. No. 56 ("Disclosure Order"). The Court described this finding as based on what it called the Government's "factual challenge, in the *ex parte* memorandum, to this court's subject matter jurisdiction as to one or more of the named plaintiffs." *Id.* at 1. However, some of the privileged, sensitive information that the Court required to be disclosed is not relevant to the Government's pending transfer motion.

    The Government thus respectfully requests limited reconsideration of the Court's order, such that the Government is not required to disclose any privileged information that is not relevant to the pending motion to transfer ("non-transfer information").

## BACKGROUND

As described in prior filings, the Terrorist Screening Dataset ("TSDS"), which is maintained by the Terrorist Screening Center, is the federal government's consolidated terrorist watchlist. Information related to and including TSDS status is highly sensitive: it includes Sensitive Security Information, *see* 49 U.S.C. § 114(r); *Matar v. TSA*, 910 F.3d 538, 540 (D.C. Cir. 2018), and is subject to the law enforcement privilege, *see Elhady v. Kable*, 993 F.3d 208, 215 (4th Cir. 2021). Such information is subject to these statutory and common law privileges because disclosure of such information could reasonably be expected to risk circumvention of the law and cause harm to law enforcement and counterterrorism investigations. For example, such knowledge could compromise ongoing counterterrorism investigations by giving members of terrorist groups the opportunity to gauge whether a particular individual is the subject of counterterrorism, intelligence, or investigative interest, causing the person to alter his or her behavior, destroy evidence, take new precautions against surveillance, or change the level of any terrorism-related activity in which he or she is engaged.

In this case, as in other cases concerning the TSDS, the Government submitted some materials to the court *in camera* and *ex parte*. Some of the *ex parte* material is directly relevant to the pending transfer motion, specifically, the information discussed in Section III of the Argument portion of the Government's *ex parte* brief, which also appears in portions of the *ex parte* declaration and Supplemental *In Camera*, *Ex Parte* Statement. *See In Camera*, *Ex Parte* Memorandum of Law in Support of Defs.' Mot. to Transfer Venue, filed *in camera*, *ex parte* April 19, 2024 ("*In Camera*, *Ex Parte* Memo"); Notice of Lodging, ECF No. 36; Suppl. *In Camera*, *Ex Parte* Statement in Support of Defs.' Mot. to Transfer Venue, filed *in camera*, *ex parte* June 13, 2024; Notice of Lodging, ECF No. 42. Other privileged information is not relevant to any pending motion and was instead submitted to the Court in furtherance of the Government's duty of candor. *See, e.g.*, *In Camera*, *Ex Parte* Memo, Background

Portion. The non-transfer information consists of some plaintiff-specific information and some information regarding the TSDS more generally.

## LEGAL STANDARD

"A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); *see also* Fed. R. Civ. P. 54(b); *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008) ("[A] district court has the inherent power to reconsider its interlocutory orders, and we encourage it to do so where error is apparent."). "[A] court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Davis*, 89 F. Supp. 2d at 147.

## ARGUMENT

The Government has moved to transfer or in the alternative to dismiss for failure to state a claim. The Government did not move to dismiss for lack of subject matter jurisdiction, either with respect to this action as a whole or with respect to any individual Plaintiffs. *Cf. Comfort v. Lynn Sch. Comm.*, 418 F.3d 1, 11 (1st Cir. 2005) ("So long as one plaintiff has standing to seek a particular form of global relief, the court need not address the standing of other plaintiffs seeking the same relief."), *abrogated on other grounds by Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701 (2007). Consequently, the only *ex parte* information that is relevant to any pending motion or to any issue that must be decided by the Court at this time is the information cited in Section III of the Argument portion of the Government's *ex parte* brief. *See In Camera*, *Ex Parte* Memo, Argument Portion, Section III.

The Government respectfully notes that no entity—neither the parties nor the Court—has identified a prior proceeding in which the Government was ordered to disclose the type of information

that the Court has ordered disclosed here.  *See, e.g.*, Reply in Support of Defs.' Not. of Suppl. Auth., Dkt. No. 55 at 3; *see generally* Disclosure Order.  However, the Government requests only that the Order be narrowed, such that the Government is not required to disclose privileged information not relevant to the Government's pending motion to transfer.  For the following reasons, this limited reconsideration is appropriate under the third prong of the *Davis* standard.  *See* 89 F. Supp. 2d at 147.

*First*, and as courts across the country have recognized, the information included in the *in camera*, *ex parte* materials is highly sensitive and should not be disclosed.

In *Kovac v. Wray*, for instance, the District Court for the Northern District of Texas permitted the government to file *in camera* administrative records concerning plaintiffs who alleged they were on the TSDS.  *See* No. 3:18-CV-00110-X, 2022 WL 717260 at *2-3, (N.D. Tex. Mar. 10, 2022).  In particular, the court "allowed the Government to file portions of the administrative record 'under seal and for *ex parte*, *in camera* review" in order to permit the court "to resolve the remaining APA claims." *Kovac v. Wray*, 660 F. Supp. 3d 555, 563 (N.D. Tex. 2023), *aff'd*, 109 F.4th 331 (5th Cir. 2024, revised July 25, 2024).  Those administrative records, like the *in camera* materials here, contained "law enforcement sensitive information . . . that, although not classified, would harm national security if made public." *Kovac*, 2022 WL 717260 at *2.  Also like the material here, the material in *Kovac* included both "plaintiff-specific materials" which could "confirm or deny" a plaintiff's status on or off the TSDS and more general information regarding "placement and redress procedures" for the watchlisting program.  *Id.*  The *Kovac* court found that, even "assuming the plaintiffs' need for this information is great, . . . the public interest and the sensitivity of the information weighs in favor of nondisclosure, outweighing plaintiffs' need for the information." *Id.* at *4.  On that basis, the court permitted the Government's use of *in camera* administrative records and "denie[d] the plaintiffs' alternative request for an attorneys-eyes-only protective order." *Id.*

4

*Salloum v. Kable*, No. 19-CV-13505, 2022 WL 22893346 (E.D. Mich. Sept. 29, 2022), is similar. In *Salloum*, the District Court for the Eastern District of Michigan denied a motion to compel information concerning whether and how the plaintiff was placed on the watchlist, reasoning that this information "is covered by the law enforcement privilege because these documents would reveal whether he is, in fact, in the TSDB,"[1] and that the Government's "strong interest" in avoiding even a "narrow disclosure limited to whether Salloum, himself, is in the TSDB" overcame the plaintiff's "significant need" for the information. *Id.* at *6, *8. In *Salloum*, as in *Kovac*, the court concluded that the Government's "interests in non-disclosure are so strong that even review by [plaintiff's] counsel under an 'attorney's eyes only' order would be inappropriate." *Id.* at *9.

Also in agreement is the decision in *Jardaneh v. Garland*, No. 8:18-cv-02415 (D. Md.). There, the Magistrate Judge handling discovery matters found that "[d]isclosing . . . current or historical Watchlist status would reveal sensitive, closely guarded information about the internal workings of the watchlisting process, which [she] f[ou]nd could harm the United States's national security and counterterrorism mission," and "d[id] not find that a protective order would adequately safeguard the Watchlist-related information sought" by the plaintiffs. Tel. Conf. Tr. at 24, 25, *Jardaneh v. Garland*, No. 8:18-cv-02415 (D. Md. May 19, 2023) (telephonic discovery hearing).

The Government's previous filings in this case also identified many other cases reaching the same or similar conclusions. *See* Not. of Suppl. Auth. at 1, 4, ECF No. 50 (citing *Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016); *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004); *and Elhady v. Kable*, 993 F.3d 208, 215 (4th Cir. 2021)); *see also Nur v. Unknown CBP Officers*, No. 1:22-CV-169, 2022 WL 16747284, at *5 (E.D. Va. Nov. 7, 2022).

The Government understands that as a general matter, the submission of *in camera*, *ex parte* materials is unusual in our legal system. But as demonstrated by the long line of cases cited above, *ex*

---

[1] The TSDS was formerly known as the TSDB, or Terrorist Screening Database.

*parte* materials are not unusual in cases concerning the TSDS. And for good reason. Disclosure of the privileged information involved here—even if accidental—would create harm to law enforcement and national security that is unique, significant, and irreversible. *See Elhady*, 993 F.3d at 215.

Indeed, while the First Circuit has "not had occasion to consider whether compelling national security concerns may in exceptional circumstances justify the *ex parte* consideration of privileged information," "precedents from other circuits suggest that *ex parte* determinations may be allowable 'when the submissions involve compelling national security concerns.'" *Bl(a)ck Tea Soc'y v. City of Bos.*, 378 F.3d 8, 18 (1st Cir. 2004) (Lipez, J., concurring) (quoting *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996)). The decisions cited above support this conclusion.

*Second*, the non-transfer information does not bear on the government's transfer motion. The information submitted in support of the Government's motion to transfer is the information cited in Section III of the Argument portion of the Government's *ex parte* brief. Other information submitted *ex parte* does not bear on the transfer motion and thus does not implicate the Court's concerns as to the "affirmative[] use [of] secret evidence," Disclosure Order at 5, Plaintiffs' need to "fairly adjudicate the venue, transfer and standing issues," *id.* at 6, or Plaintiffs' need to "adequately contest the government's assertions," *id.* at 8. These justifications for requiring disclosure of the information pertinent to the pending transfer motion thus do not justify disclosure of the non-transfer information.

*Third*, and following from the fact that the information for which the Government seeks reconsideration does not pertain to the Government's transfer motion, any substantial need that Plaintiffs have "in order to fairly adjudicate the venue, transfer, and standing issues," *id.* at 7, does not extend to the non-transfer information. Requiring disclosure of the non-transfer information at this early stage in the case would force the Government to reveal—before this Court has even ruled on the pending motion to dismiss—a swathe of highly sensitive information that is both critical to national security and entirely unnecessary to resolve any pending issue. To the Government's

knowledge, such a disclosure—even under a strong attorneys' eyes only protective order—would be unprecedented.

To the extent that the non-transfer information does become pertinent to factual issues involved in future proceedings before the Court, the Government respectfully believes that any questions of further disclosure would be best decided after full briefing by the parties at that time that address whatever situation-specific substantial need is articulated by Plaintiffs.

* * *

Finally, regardless of the outcome of this motion the Government intends to post to the public docket a redacted copy of the *ex parte* declaration with all privileged material redacted and all non-privileged material disclosed.

For the forgoing reasons, the Government respectfully requests that the Court narrow its order to require disclosure of privileged information in the Government's *ex parte* materials only if that privileged information is relevant to the pending motions, and to not require disclosure of the non-transfer information.

Dated: February 14, 2025                                  Respectfully submitted,

                                                          BRETT A. SHUMATE
                                                          Acting Assistant Attorney General

                                                          LAUREN A. WETZLER
                                                          Deputy Branch Director

                                                          */s/ Robert W. Meyer*
                                                          ROBERT W. MEYER
                                                          ALEXANDRA J. WIDAS
                                                          Trial Attorneys
                                                          United States Department of Justice
                                                          Civil Division, Federal Programs Branch
                                                          1100 L Street NW, Washington, DC 20005
                                                          Tel: (202) 305-0872
                                                          robert.w.meyer@usdoj.gov
                                                          alexandra.j.widas@usdoj.gov

7

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for both parties conferred via email about this motion in good faith and this motion is opposed.

*/s/ Robert W. Meyer*

Robert W. Meyer

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by electronic filing on February 14, 2025, on counsel of record for Plaintiffs.

/s/ *Robert W. Meyer*

Robert W. Meyer

*Counsel for Defendants*