UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| MOHAMED KHAIRULLAH, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United States, in his Official Capacity, *et al.*<br><br>*Defendants*. | Civil Action No: 3:23-cv-30095-MGM |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR PARTIAL RECONSIDERATION**

When it comes to the watchlist, the Government is addicted to secret evidence. On January 31, 2025, this Court entered a very clear order: "the *ex parte* materials must be provided to Palintiffs' counsel." Order 2, ECF No. 56. Now, after the Court made its decision to curtail the Government's use of secret evidence, the Government cannot quite kick its habit. Defendants suddenly claim that some of the evidence does not regard the motion for which it was submitted. *See* Mot. for Partial Recons. 1, ECF No. 58. As such it asks the Court to restrict its order, shielding a newly-fabricated category of information, "non-transfer information," from Plaintiffs' counsel. *Id.* at 1. Plaintiffs respectfully urge the Court to uphold its original order, which does not contain a "clear error," and reject Defendants' latest effort to taint these proceedings with secret evidence. *See id.* at 3 (citing *Davis v. Lebane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)).

1

## Background

Just as it has in other watchlist cases, the Government submitted materials to the court for *ex parte*, *in camera* review. To support its radical position that the materials the Government was requesting the Court rely upon to transfer Plaintiffs' case should not be made available to Plaintiffs' counsel, the Government asserted various privileges. *See* Notice of Supp. Authority, ECF No. 50. But this Court did not take the bait, agreeing with the Plaintiffs that "as a matter of fundamental fairness, basic due process, and overall accuracy . . . secret evidence is inherently improper." *See* Order 3, ECF No. 56 (citing *Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63, 67 (1st Cir. 1984)). In doing so, the Court noted that, as several Circuits have held, the Government cannot use materials as a "'sword' in its defense while using privileges . . . as a shield." *Id.* at 5 (citing *In re The City of New York*, 607 F.3d 923, 946-47 (2d Cir. 2010)).

Now, the Government recasts the information it previously submitted in support of its transfer motion as containing two distinct elements: (1) transfer information and (2) non-transfer information. Defendants claim that the "non-transfer" related materials were submitted "in furtherance of the Government's duty of candor," not because it was relevant to the motion to dismiss and transfer proceedings. Mot. for Partial Recons. 2, ECF No. 58. This irrelevant "non-transfer" information, says the Government, includes some plaintiff-specific materials and some "information regarding the TSDS more generally." *Id.* at 3. The Government contends that the Court's order including such information demonstrates a "clear error of law" and requests reconsideration of the Court's just-made decision. *Id.*

**Argument**

The Government's behavior confirms the wisdom of this Court's fundamental insight: "secret evidence is inherently improper." *Id.* When this Court sought to deprive the Government of absolute secrecy, Defendants recharacterized its secret evidence as irrelevant to the issues pending before the Court. This is gamesmanship—pure and simple. And the Court should reject it.

The Government's decision to try to claw back some of its secret evidence underscores the importance of the Court's decision. Though Plaintiffs do not know what secret evidence Defendants consider "non-transfer" related, the parties are likely to hold different views on what is and is not relevant to the transfer issue. By trying to withhold some secret evidence, Defendants are depriving the Court and Plaintiffs of the information that normally fuels the adversarial process. The absence of that adversarial process drains federal courts of its essential character. Indeed, to take the Government's word for it without hearing from Plaintiffs is to cede the Court's independence.

The Government concocts a "duty of candor" rationale to explain why its secret evidence included information Defendants now claim to be irrelevant. *See* MASS. RULES OF PRO. CONDUCT r. 3.3(d).[1] But it is for the Court to determine what evidence is relevant to a proceeding. *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 364 (1st Cir. 2001) (discussing jurisdictional questions); *see also See Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). The Court's order is not in "clear error" merely because it failed to accept the bald assertions

---

[1] Rules of Pro. Conduct r. 8.5(b)(1) (D.C. Bar) ("for conduct in connection with a metter pending before a tribunal, the rules to be applied shall be the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise."); Rules of Pro. Conduct r. 8.5(b)(1) (Mass. Bar) (same).

of the Government. *See Davis v. Lebane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); *see Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991) ("a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge.").

I. **The Government is playing games.**

The Government's attempt to shield some secret evidence from Plaintiffs' counsel is gamesmanship. According to the Government, it provided extraneous information to the Court in "furtherance of [its] duty of candor." Mot. for Partial Recons. 2, ECF No. 58. Specifically, the Government contends that much of the information filed *in camera*, *ex parte* on April 19, 2024 ("Secret Memo") is not relevant to the pending motions. *See id.* This kitchen sink approach to *ex parte* proceedings is inconsistent with the "duty of candor" that Defendants claim as justification for the breadth of secret evidence they previously provided the Court. *See* MASS. RULES OF PRO. CONDUCT r. 3.3(d).

Section 3.3 of the Massachusetts Rules of Professional Conduct establishes a party's duty of candor to courts. *See* MASS. RULES OF PRO. CONDUCT r. 3.3.[2] The rule specifies a party's obligations to the Court in *ex parte* proceedings. *Id.* at r. 3.3(d). It provides that in *ex parte* proceedings an attorney has the duty to disclose "all *material* facts . . . that will enable the tribunal to make an informed decision." (emphasis added). *Id.* In other words, the Government's obligation here is to avoid disclosing information that is extraneous or irrelevant to the proceedings before a court. *See id.*

The Court's original order, which reviewed all the evidence provided to it by the Government, and presumed the materials to be relevant, is not at odds with the Government's

---

[2] Although substantively similar, the Massachusetts Rules of Professional Conduct govern the Governments actions in this case as they relate to matters before the United States District Court for the District of Massachusetts. *See* infra note 1.

professional obligations as attorneys. In fact, even if the Court credits the Government's assertion that it submitted irrelevant material, the Court should allow Plaintiffs access to the information anyways to confirm as much. That is because, if the Government is telling the truth, Defendants' counsel has admitted that they have not met their ethical obligations to refrain from providing irrelevant evidence in *ex parte* proceedings. *See* Section 3.3 of the Massachusetts Rules of Professional Conduct.

## II. It is for the Court to determine, via an adversarial process, whether the "non-transfer information" is relevant to the present proceedings.

Because the Government's arguments about transfer and non-transfer information are new, Defendants cannot meet their high burden to show that the Court committed a "clear error." The reconsideration standard is a "difficult standard to meet." *See Mulero-Abreu v. P.R. Police Dep.*, 675 F.3d 88, 95 (1st Cir. 2012) (discovery motions). A motion for reconsideration should only be granted when there is a "manifest error of law." *See Mulero-Abreu*, 675 F.3d at 95; *see Davis v. Lebane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). Motions for reconsideration are not vehicles for a disgruntled party to attempt to bolster its original claim. *See Davis*, 89 F. Supp. 2d 148 (citing *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)).

Here, the Government cannot meet this high burden, because it is not "clear error" for a court to treat secret evidence submitted in support of a motion as relevant to that motion.

### A. *The Government cannot rehash its same arguments to attain a more favorable verdict.*

The Government's Motion for Partial Reconsideration, ECF No. 58, does not invoke a clear error of law, but merely rehashes the same argument it made originally. *Id.*; *see Davis*, 89 F. Supp. 2d at 148. The Government spends nearly two and a half pages of its motion merely reviewing the same cases cited in the original briefing and in the Court's order. Mot. for Partial Recons. 4–6, ECF No. 58. In those pages it continues its argument against

attorneys eyes only disclosure and attempts to bolster it using the same distinguishment tactics it used in its original notice. *Compare id. with* Notice of Suppl. Authorities, ECF No. 50 *and* Reply in Supp. of Notice of Suppl. Authorities, ECF No. 55. This type of argument is insufficient to support reconsideration. *See Davis*, 89 F. Supp. 2d at 147–8.

The Government's remaining arguments separately fail to establish clear error by the Court. *See* Mot. for Partial Recons. 6–7, ECF No. 58. Courts have wide discretion to adjudicate pre-discovery motions, such as motions to transfer, on an "individualized, case-by-case consideration" of the facts. *See Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (discussing motion to transfer). These adjudications require the Court to weigh relevant evidence to determine, for instance, whether transferring a case to a different venue is necessary, "in the interest of justice," and convenient to the parties. *See Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). If this Court wants Plaintiffs' views about Defendants' secret evidence, the Court has the authority—even the duty, in Plaintiffs' view—to allow for that.

  B. *Plaintff-specific and general TSDS information are relevant to the Government's pending motion.*

The Court's order to disclose the evidence provided to it in the Secret Memo—including the "non-transfer" information—was not in clear error. The Court has already reviewed the evidence submitted by the Government and determined that Plaintiffs should review the materials. In doing so the Court held that the Government cannot ask the Court to rely on secret evidence to win its case. *See* Order 4, ECF No. 56 (citing *Ibrahim v. Dep't of Homeland Sec.*, 2012 WL 6652362, at *5 (N.D. Cal. Dec. 20, 2012). The Government must do more that make an unsupported claim that it will not affirmatively use the "non-transfer" information to demonstrate the Court made a clear error in requiring disclosure.

Even if a bald declaration of irrelevance could show clear error, the "non-transfer" information is likely actually relevant to the pending motion. Despite the Government's attempts to distinguish the materials it provided in its Secret Memo as "transfer" and "non-transfer" information, both categories of information can impact this Court's resolution of the issues pending before it. As the Court explained, for example, "it is conceivable Plaintiff Mirzay could still demonstrate standing in the face of the government's evidence" but only "with a full opportunity for adversarial testing of the government's position. *See* Order, ECF No. 56 at 5. This "adversarial testing of the government's position" will include facts about the general operation of the Government's watchlist as well as facts specific to particular plaintiffs in this case.

To resolve the transfer issue, the Court must assess the facts surrounding both plaintiff-specific and general information surrounding the watchlist. For example, the fact that people on the watchlist "continu[e] to suffer the effects of inclusion on the watchlist even [after they are] no longer on the list" is a general feature of the Government's watchlist. *Id.* at 4. Nevertheless, this fact—which the Government would likely consider to be "non-transfer" evidence—is of dispositive heft to the transfer issues. Once accepted by this Court, the Government's convenience concerns must give way to a plaintiff living in this district filing suit in this court for ongoing injuries suffered locally.

Plaintiff-specific information is relevant and necessary to determine which plaintiffs have in fact TSDS related harm in the state of Massachusetts. Plaintiff Mirzay, for example, has already established that he has experienced distinct, non-travel related harms from his placement on the watchlist within this Court's boundaries. Plaintiffs' Opp. To Def. Mot. to Dismiss 7, ECF No. 39. Other Plaintiff specific information may include specific encounters

7

with law enforcement, federal agencies, or other TSDS related issues arising in Massachusetts. The Government deliberately and secretly furnished this type of information to the Court in an effort to transfer the case to its preferred jurisdiction. *See* "*In Camera*, *Ex Parte* Memo." As the Court found in its order, however, the fundamental principles of fairness require the Court to provide Plaintiffs an opportunity to respond to it before it "end[s] or fundamentally alter[s] the contours of th[e] case." *See* Order 5, ECF No. 56 (citing *Ibrihim v. Dep't of Homeland Sec.*, 2012 WL 6652362, at *5 (N.D. Cal. Dec. 20, 2012)).

Likewise, "information regarding the TSDS more generally" must include information relevant to the Government's motion to transfer. These kinds of materials, including, for example, the Government's practice of sharing TSDS information with third party agencies and local law enforcement, the nationwide scope of the Watchlisting Guidance, and globe-spanning watchlist practices are all important to understand how TSDS status harms the Plaintiffs and where those harms are likely to arise again in the future. General information about the TSDS discussing how TSC shares TSDS information with law enforcement is relevant to understanding how encounters with law enforcement—such as those experienced by Plaintiff Mirzay—may be connected to past or current TSDS status. Information regarding the enforcement of the TSDS and Federal Watchlisting Guidance is relevant to determine and explain the enhanced screening and "special treatment" Plaintiffs' have experienced and will continue to experience in Boston's Logan International Airport. Plaintiff Rashid, for instance, has demonstrated that when he travels, he regularly uses Logan Airport and would like to continue doing so. *See* Amend. Compl. ¶¶ 970, 973, 1025. Such information, whether it helps or hurts the Plaintiff's case, is relevant to the questions raised in

the Government's motion to transfer. And, as the Court correctly found, Plaintiffs are entitled to a fair opportunity to provide the Court its views.

For the forgoing reasons, the Government's Motion for Partial Reconsideration should be denied. The Government has not presented a single new argument or supported claim that demonstrates the Court's original order included a "clear error" of law. Plaintiffs' Counsel respectfully ask the Court to deny the Government's attempt to circumvent the Court's order and uphold its previous decision.

Dated: February 28, 2024                                        Respectfully submitted,


/s/ Lena Masri
Lena Marsi
Gadeir Abbas*
Justin Sadowsky
**CAIR Legal Defense Fund**
453 New Jersey Ave SE
Washington, D.C. 20003
Tel: (202) 742-6420
Fax: (202) 379-3317


_/s/___Barbara J. Dougan
CAIR MA
800 Boylston Street
PO Box 990445
Boston, MA 02119